## ZAINO v. OLSON.

1. LANDLORD AND TENANT—RENT—MEDICAL CLINIC—PARKING—EVI-
DENCE.

    Evidence of proceedings of city board of zoning appeals with
reference to granting of waiver as to off-street parking re-
quirements for medical clinics was properly received in land-
lord's action against physician tenant for rent due on new
building after acquisition of adjoining lot for parking pur-
poses, as such testimony bore directly upon the enforceability
of the lease according to its terms, one of which stipulated
the lease was conditional upon the tenant having the right
to conduct a medical office at the premises.

2. SAME—MEDICAL CLINIC—PARKING.

    Tenant of medical clinic *held*, entitled to use of additional lot
purchased to provide off-street parking facilities as required
by city zoning ordinance, under lease giving him right to
abandon lease if he were forced to discontinue his practice
there for insufficient parking facilities.

3. SAME—NEW MEDICAL CLINIC—TENANTABILITY—EVIDENCE.

    It was not error to exclude testimony relative to completeness
and tenantability of new medical clinic building in landlord's
nonjury action for rent, where lease provided term should
begin on a given date or, if not then completed, on the first
day of occupancy, and trial court concluded the property was
proved to have been completed and the prospective tenant
was to take the property as it was on the date the lease was
executed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 32 Am Jur, Landlord and Tenant § 531.
[2] 32 Am Jur, Landlord and Tenant § 164.
[3] 32 Am Jur, Landlord and Tenant § 532.
  Parol evidence rule as applied to lease.   25 ALR 787, 88 ALR
1380, 151 ALR 279.

Appeal from Oakland; Holland (H. Russel), J. Submitted June 13, 1960. (Docket No. 52, Calendar No. 48,017.) Decided September 16, 1960.

Assumpsit by Ernest Zaino and Rose Zaino against Kenneth R. Olson for rent money due on lease. Judgment for plaintiff. Defendant appeals. Affirmed.

*Forsythe & Beasley (Carl W. Forsythe,* of counsel), for plaintiff.

*Stanton G. Dondero,* for defendant.

SMITH, J. The question before us involves the proper interpretation of a lease. The plaintiffs are husband and wife, owners of certain lots, and lessors herein. Defendant is the lessee.

Plaintiff Ernest Zaino was also a builder. In the fall of 1954 the defendant, Dr. Olson, talked with him about the construction of a building, a clinic, upon plaintiffs' lots. In time the clinic was constructed and a lease, prepared by plaintiffs' attorney, was discussed by the parties. Defendant objected to signing. He was worried about parking space. A friend of his had told him of difficulties he had had with respect to parking facilities for a building he had put up and he suggested that Dr. Olson might have similar difficulties. Consequently, Dr. Olson went to the municipal authorities and made inquiries. He learned that he "would not be able to conduct a medical practice at that site" because of lack of adequate parking facilities. Nevertheless, and with this knowledge, which he had brought to plaintiffs' attention, a lease was executed, bearing date of July 21, 1955. The lease provided, in the following clause, for the term thereof:

"beginning on the first day of July, 1955, or if the premises are not then completed, for a term beginning the first day of occupancy and ending the 30th day of June 1960, or ending 5 years from and after the first day of occupancy. Provided, however, that this agreement is conditional upon tenant having the right to conduct a medical office at said premises and, in the event that the city of Oak Park forbids the conducting of a medical office at said location for lack of adequate parking space, this agreement shall be declared null and void and any moneys paid hereunder returned and the parties placed in *status quo*. Said premises to be used and occupied only for a doctor's and dentist's offices and clinic and for no other purposes."

The matter of the parking facilities we can dispose of rather summarily. Defendant lent plaintiffs $2,000 for the purchase of an adjacent lot, lot 31, so "this deal [could] go through, if possible." The lot was acquired, and the board of zoning appeals thereafter (upon appeal by the plaintiffs "seeking waiver of parking requirements for clinic"), despite the fact that the clinic was still 3 vehicle parking spaces short of the number required, granted a waiver "due to the hardship involved." With this acquisition of additional property, it was testified by the planning director of the city of Oak Park, there was no longer any legal impediment to the use of the leased premises for the intended purpose of a medical clinic. Dr. Olson asserted, and Mrs. Zaino denied, that he wished to have this lot added to the lease. However this may be, upon September 23, 1955, only some 60 days after execution of the lease, and some 6 weeks after the favorable action of the board of zoning appeals, defendant sought summarily to terminate, assigning as reason therefor the sole asserted ground that the lease "does not meet the ordinance requirements of the city of Oak Park for clinic facilities." The ordinance reference here made relates to the

parking requirements of the city of Oak Park. Action brought by plaintiffs on the lease resulted in judgment against defendant, from which a general appeal has been taken.

Appellant first complains of the trial court's reception into evidence of the proceedings of the board of zoning appeals with reference to the waiver granted, thus (we are quoting appellant) "enlarging the terms of the lease agreement by extrinsic evidence." The argument made overlooks the provisions of the lease itself. The parties hereto entered into an agreement "conditional upon tenant having the right to conduct a medical office at said premises and, in the event that the city of Oak Park forbids the conducting of a medical office at said location for lack of adequate parking space, this agreement shall be declared null and void." Defendant repudiated the lease on the ground that it did not give him the right to the use of property sufficient to meet the city's requirements. The determination of the board of zoning appeals (to waive the requirements of off-street parking since an adjoining lot, lot 31, would be devoted to such use) was properly admitted into evidence. It tended to show that defendant would have the right to conduct his practice at the premises without hindrance by the city so long as the adjoining lot was used for off-street parking and thus bore directly upon the enforceability of the lease according to the terms.

Defendant argues, also, that the adjoining lot should have been included in the lease, and that without its inclusion he did not have the *legal* right "to conduct a medical office at said premises." The language of the agreement, however, indicates an intention to go forward with the plans for establishing a clinic with the expectation that any legal difficulties could be resolved. The circumstances surrounding the agreement reenforce the conclusion. Purchase of the adjoining lot was under negotiation at

the time the lease was executed; with this lot, 15 of the 18 parking spaces required would be available and an appeal could be taken again to the board of zoning appeals. The obvious intention, then, was to enter upon a lease of the premises, and, in the event the difficulties in providing sufficient off-street parking proved insoluble, to void the agreement and restore the *status quo*. The defendant, it would seem, intended to go forward with his plans and rely upon restitution if they could not be carried through to completion. Clearly, he did not rely upon his having a right to conduct a medical practice on the premises leased to him, if parking was limited thereto, since the board had already determined the need for more spaces. The right mentioned in the agreement was the right he would have had after the action contemplated by the parties had been taken, and, as the trial court intimated, if the authorities had prohibited parking on the adjoining lot or lots, and thus forced him to discontinue his practice, he would have had the right to abandon the lease and recover moneys paid thereunder.

Argument is made, as well, by appellant that the building was incomplete and untenantable and that the trial court erred in excluding testimony relating thereto. The lease, however, describes the term thereof as follows:

"beginning on the 1st day of July, 1955, or if the premises are not then completed, for a term beginning the first day of *occupancy,* and ending the 30th day of June, 1960, or ending 5 years from and after the first day of occupancy."

It is clear that no particular state of completion is required by the terms of this lease. The trial court concluded that "the property, under the proof, for all intents and purposes was completed when this lease was signed and   *   *   *   the prospective ten-

ant was to take the property as it was on that date."
In so holding, we find no error.

Under the view we have taken of this case, there
is no need for discussion of additional arguments
made by appellant.

The judgment is affirmed.   Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, BLACK, ED-
WARDS, KAVANAGH, and SOURIS, JJ., concurred.